IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTIAN L. JENNINGS | § | |
| | § | |
| V. | § | CIVIL NO. 4:25-CV-821-P |
| | § | |
| NAMAN, HOWELL, SMITH, & | § | |
| LEE, PLLC | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case is now before the Court for review of *pro se* Plaintiff Christian Jennings' ("Plaintiff") civil suit. In this case, Plaintiff is proceeding *in forma pauperis* ("IFP") and, as such, her pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Having carefully considered the complaint and applicable law, the Court **RECOMMENDS** that all claims against Defendant be **DISMISSED WITH PREJUDICE.**

**I.    RELEVANT FACTUAL BACKGROUND**

On July 24, 2025, Plaintiff filed a Complaint [doc. 1] in the above-styled and numbered action. On July 27, 2025, Plaintiff moved for leave to amend her Complaint, which was granted soon after [doc. 7]. Subsequently, on August 6, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* [doc. 15]. On August 20, 2025, the Court, after reviewing Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), ordered Plaintiff to file a form amended complaint no later than September 20, 2025 [doc. 16]. In ordering Plaintiff to file a form amended complaint, the Court noted that "the Court cannot ascertain whether Plaintiff has stated claims upon which relief may be granted and whether this Court has jurisdiction." (Order Directing Plaintiff to File Form Amended Complaint at 1.)

Plaintiff filed her Second Amended Complaint [doc. 17] on August 30, 2025. In her Second Amended Complaint, Plaintiff brings claims for Abuse of Process, Negligent Supervision, Fraud and Misrepresentation, and a claim under 42 U.S.C. § 1983 for deprivation of her Constitutional rights against Defendant Naman, Howell, Smith, & Lee PLLC ("Defendant"). (Plaintiff's Second Amended Complaint ("Pl.'s Second Am. Compl.") at 4.) Plaintiff's state law claims are premised on Defendant being liable for the conduct of two of Defendant's employees, Jordan Alexander Mayfield ("Mayfield"), an attorney, and Christina Chambers ("Chambers"), a legal assistant, under the doctrine of *respondeat superior*. (Pl.'s Second Am. Compl. at 2.) Plaintiff's allegations all revolve around Mayfield and Chambers representing a client in a Texas state-court case against Plaintiff. (*See id.* at 2-4.) Specifically, Plaintiff believes that Defendant committed the state law claims set forth above by allowing its employees to file "motions with false certificates" of conference and file motions that contained other false information in that state-court case. (*Id.* at 4.) Moreover, Plaintiff believes that Defendant's employees, and by extension Defendant, violated § 1983 by "colluding with court personnel and misusing legal procedures." (*Id.*) The Court will address each of Plaintiff's claims in turn.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail "to raise a right to relief above the

2

speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).

Generally, "a *pro se* litigant should be offered an opportunity amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (citation omitted). An opportunity to amend is also not required if amending the complaint would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. Similarly, if a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 566 (5th Cir.2003).

### III.   DISCUSSION

#### A. State Law Claims

Plaintiff's state law claims fail because they are barred by attorney immunity. Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Attorney immunity is true immunity from suit. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 348 (5th Cir. 2016). It is intended to ensure "loyal, faithful, and aggressive representation by attorneys employed as advocates." *Mitchell v. Chapman*, 10 S.W.3d 810, 812 (Tex. App.—Dallas 2000, pet. denied). Attorney immunity applies to all "actions taken in connection with representing a client in litigation," even wrongful conduct that is "part of the discharge of the lawyer's duties in representing his or her client," so long as it is not "entirely foreign to the duties of an attorney."

3

*Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 767 (5th Cir. 2019). Texas courts grant attorney immunity "at the motion to dismiss stage [where] the scope of the attorney's representation – and thus entitlement to the immunity – [i]s apparent on the face of the complaint." *Id.* at 763. "Merely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney'" such that the attorney would not be immune. *Troice*, 816 F.3d at 345 (internal citations omitted). As set forth above, Plaintiff's state law claims are all premised on Defendant allowing its employees to file "motions with false certificates" of conference and file motions that contained other false information. (*See* Pl.'s Second Am. Compl. at 4.) Filing documents with the court is a function well within an attorney's scope of duties to the client and is squarely protected by attorney immunity. *See Troice*, 816 F.3d at 348. Consequently, the Court **RECOMMENDS** that Plaintiff's state law claims be **DISMISSED WITH PREJUDICE**.

    **B.  42 U.S.C. § 1983 Claim**

Plaintiff's 42 U.S.C. § 1983 claim also fails because Defendant is not a state actor. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show that she has been deprived of a right secured by the Constitution and laws of the United States and that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978). The requirement that the deprivation occur under color of state law is also known as the state action or actor requirement. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir.1999). A private party will be considered a state actor for § 1983 purposes only in rare circumstances that are not implicated here. *See Harvey v. Harvey,* 949 F.2d

1127, 1130 (11th Cir.1992). Specifically, Plaintiff does not plausibly allege that Defendant, a private party, satisfies any of the exceptions that would allow it to be considered a state actor. *See Tripathi v. ST. Edward's Univ.*, No. 1:25-CV-01203-RP, 2025 WL 2629968, at *2 (W.D. Tex. Aug. 27, 2025) (collecting cases); *see also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). In particular, simply alleging in conclusory fashion that Defendant violated § 1983 by "colluding with court personnel and misusing legal procedures" does not transform a private law firm or its employees into a state actor. (Pl.'s Second Am. Compl. at 4.) Consequently, the Court **RECOMMENDS** that Plaintiff's § 1983 claim be **DISMISSED WITH PREJUDICE**.

## IV.    CONCLUSION

Based on the foregoing, the Court **FINDS and CONCLUDES** that plaintiff has failed to state a claim upon which relief may be granted. Because Plaintiff is proceeding *pro se*, her pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Second Amended Complaint could result in a legally cognizable claim in this Court. Moreover, Plaintiff has already been given an opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Accordingly, the Court **RECOMMENDS** that this case be **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B).

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has

been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 3, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 20, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE