UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CHRISTIAN L. JENNINGS,**

  Plaintiff,

v.                                      No. 4:25-cv-0821-P

**NAMAN, HOWELL, SMITH, & LEE, PLLC,**

  Defendant.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 20, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 18. The FCR recommended the Court dismiss all claims against Defendant with prejudice. ECF No. 18 at 1. Plaintiff filed an Objection to the FCR on October 20, 2025. Objection, ECF No. 19. The Court accordingly conducted a *de novo* review of the FCR.

As detailed below, the Court will **DISMISS with prejudice** all claims, **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

On July 24, 2025, Plaintiff filed a Complaint. ECF No. 1. Plaintiff soon thereafter moved for leave to amend her complaint, which was granted. ECF No. 8. Then, the Court granted Plaintiff leave to proceed *in forma pauperis*. ECF No. 15. On August 20, 2025, the Court ordered Plaintiff to file a form amended complaint. ECF No. 16. In so doing, the Court said, "the Court cannot ascertain whether Plaintiff has stated claims upon which relief may be granted and whether this Court has jurisdiction." ECF No. 16.

Plaintiff then filed her Second Amended Complaint on August 30, 2025. ECF No. 17. She brought claims for Abuse of Process, Negligent

Supervision, Fraud and Misrepresentation, and a claim under 42 U.S.C. § 1983 for deprivation of her Constitutional rights against Defendant Naman, Howell, Smith, & Lee PLLC. ECF No. 17 at 4. Plaintiff's state law claims are premised on Defendant being liable for the conduct of two of Defendant's employees, Jordan Alexander Mayfield, an attorney, and Christina Chambers, a legal assistant, under the doctrine of *respondeat superior*. ECF No. 17. At 2. Plaintiff's allegations stem from Mayfield and Chambers' work for a client in a Texas state court case against Plaintiff. Plaintiff alleges Defendant committed the state law claims set forth by allowing its employees to file "motions with false certificates" of conference and file motions that contained other false information in that state-court case. ECF No. 17 at 4. Plaintiff also believes that Defendant's employees and Defendant violated § 1983 by "colluding with court personnel and misusing legal procedures." ECF No. 17 at 4.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, sua sponte, dismiss a case proceeding IFP if the court determines that, inter alia, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail "to raise a right to relief above the speculative level." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). Generally, "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Id.* at 768 (citation omitted). An opportunity to amend is also not required if amending the complaint would be futile. *See Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate*, 822 F.3d at 211. Similarly, if a court determines that dismissal of a claim is

appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999); *see Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 566 (5th Cir.2003).

## ANALYSIS OF OBJECTIONS

Plaintiff appears to raise four objections to the Magistrate Judge's FCR. For the following reasons, the Court will **OVERRULE** these objections.

First, Plaintiff alleges that the FCR wrongly applies attorney immunity "sua sponte at screening." ECF No. 19 at 2. It argues that "filing false certificates of conference and misusing court processes is foreign to an attorney's duties and not immune." ECF No. 19 at 2. But, in Texas, attorney immunity is a "comprehensive affirmative defense protecting attorneys from liability to non-clients." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). Attorney immunity applies to all "actions taken in connection with representing a client in litigation," even if the action is wrongful as long as it is not "entirely foreign to the duties of an attorney." *Ironshape Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 767 (5th Cir. 2019). Filing certificates of conference and other lawful motions—even with false information—are not actions foreign to attorney duties. Thus, attorney immunity applies.

Next, Plaintiff objects that "[t]he FCR summarily concludes Defendant is not a state actor without applying the joint-action/nexus tests." ECF No. 19 at 2. But private parties are only considered state actors for § 1983 in rare circumstances not at issue here. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). And at the motion to dismiss stage here, Plaintiff fails to meet her burden of pleading enough facts to plausibly allege that Defendant satisfies any exceptions or wrinkles to the state action requirement. So, Defendant is not a state actor, and the joint-action/nexus test does not alter the analysis.

Third, Plaintiff objects that "[r]ecommending dismissal with prejudice at screening disregards the Fifth Circuit's requirement to afford a meaningful opportunity to amend unless futile." ECF No. 19 at 2. But, the Court has already permitted the Plaintiff to amend her complaint, and despite Plaintiff taking advantage of the opportunity,

3

Plaintiff's complaint is still nowhere near sufficient to state a claim. So permitting leave to amend yet again would be futile.

Lastly, Plaintiff objects that the Court "should direct the Clerk or U.S. Marshal to issue and serve summons on Defendant." ECF No. 19 at 2. This objection has no relevance to the sufficiency of Plaintiff's allegations at the motion to dismiss stage.

The Court, therefore, agrees with the Magistrate Judge and disagrees with Plaintiff.

## CONCLUSION

Having conducted a *de novo* review of the Magistrate Judge's FCR and Plaintiff's Objections, the Court **DISMISSES with prejudice** all claims against Defendant, **ADOPTS** the reasoning in the Magistrate Judge's FCR, and **OVERRULES** Plaintiff's Objections.

**SO ORDERED** on this **17th day of November 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE